IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT E. WRIGHT, SR., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 06-G-0518-S |
| ) | |
| REGIONS BANK, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

This cause is before the court on appeal from a final order entered by the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division. Jurisdiction for this appeal exists under 28 U.S.C. § 158(a)(1). This final order denied the Debtor/Appellant's Motion to Use Cash Collateral filed on November 8, 2005. The Bankruptcy Court held two hearings on this matter, the final hearing on December 20, 2005. An order was entered on December 20, 2005. R. 16.

## FACTS

Robert Wright, the Debtor, is a businessman who mortgaged some commercial real property to Regions Bank to secure certain indebtedness. By the time Mr. Wright filed bankruptcy, the mortgage was mature. Prior to the bankruptcy filing, Regions had given notice of assignment of the rents to each of Wright's tenants on this commercial property. After the filing, the Debtor filed a Motion to Use Cash Collateral–the rents from the property--on certain terms and conditions proposed by the Debtor or set by the court. Regions objected. Hearings were held, and the court denied the motion. This

appeal followed.  This appeal is properly before the court because the order issued is considered a final order under 11 U.S.C. § 541.

## FINDINGS OF THE COURT

Because the court is adopting the Appellee's brief and the findings and conclusions of the bankruptcy judge, these findings will be severely abbreviated, as was the recitation of facts.  The court will state only its central findings.  The court finds that Regions Bank holds legal title to the rents and Mr. Wright no longer holds any interest in them.  Mr. Wright no longer held any interest in the rents at the time he filed bankruptcy.  The assignment clause in the mortgage and the notices sent by Regions, prior to the bankruptcy's being filed, established its right to the rents.  Judge Bennet's reliance on and application of the Alabama state law were well stated and correct as were Appellee's in its brief to this court.  Accordingly, the court adopts the findings and conclusions of Bankruptcy Judge Bennett in the hearing of December 20, 2005, [R. 19] and the Brief of Appellee filed with this court on May 2, 2006, [doc. 8, this court's file] as part of this Memorandum Opinion.

Accordingly, the ruling of the Bankruptcy Court is due to be affirmed.  An Order in conformity with this Memorandum Opinion will be entered.

DONE and ORDERED this day, May 16, 2006.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.